UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



**FILED**

APR 2 7 2007

CLERK

---

| | |
|---|---|
| PURIFICACION A. FE STRICHERZ, | |
| Plaintiff, | CIV. 07-_1006_ |
| VS. | **COMPLAINT** |
| OEM WORLDWIDE, LLC, | |
| Defendant | |

---

Plaintiff Purificacion A. Fe Stricherz, for her Complaint, states and alleges as follows:

1.  Purificacion A. Fe Stricherz is a female of Filipino decent now and at all times germane a resident of Codington County, South Dakota.

2.  OEM Worldwide, LLC ("OEM"), with its principle place of business being Watertown, South Dakota is licensed to do business in the State of South Dakota.

3.  Pursuant to 28 U.S.C. §§ 1331 and 1343, Title VII of the Civil Rights Act of 1964, 32 U.S.C. § 2000e, et seq., and all amendments thereto, and 29 U.S.C. §§ 621 and 626(c), the Court has jurisdiction in this action. The Court has supplemental jurisdiction over Stricherz' state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the United States District Court for the Northern Division of the District of South Dakota because all of the unlawful employment practices alleged herein were committed within this jurisdiction and because it is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

5.  Stricherz has timely filed a charge of discrimination with the State of South Dakota Department of Labor Division of Human Rights and the Equal Employment Opportunity Commission (hereinafter EEOC) a copy of which is attached hereto as Exhibit A.

6.  Stricherz was issued a Notice of Right to Sue by the EEOC, a copy of which is attached hereto as exhibit B.

7.  The Complaint in this matter is filed with this Court within ninety days from the receipt of the Notice of Right to Sue.

8.  At all times material hereto, Defendant met the definition of "Employer" as set forth in 42 U.S.C. § 2000e and 29 U.S.C. § 630, and Stricherz was at all times herein set forth an "Employee" within the definition of said sections.

9.  From about October 2000 to September 2005, Stricherz was employed by Defendant OEM.

10. On or about October 12, 2000, Stricherz became an employee of OEM. As an employee, Stricherz worked as a laborer.

11. Throughout her employment of OEM, Stricherz met all applicable job requirements, was qualified for the positions she held, and performed the job at a level which fully met and exceeded OEM's legitimate expectations.

12. During the course of her employment, Stricherz received regular base wage increases based on performance.

13. Stricherz was terminated on or about September 16, 2005.


## COUNT 1
## RACIAL AND/OR ETHNIC HARASSMENT – HOSTILE WORK ENVIRONMENT

14. Stricherz realleges paragraphs 1-13 as if fully set out herein.

15. At all times material hereto, Defendant required Stricherz to work in a hostile and pervasive atmosphere of racial and ethnic discrimination and harassment. The harassment began on or about February 15, 2004.

16. Employees of Defendant began harassing Stricherz, and such harassment was outrageous and unwelcome and substantially interfered with Stricherz employment and created an intimidating, hostile, and offensive work environment for Stricherz.

17. Stricherz notified Defendant regarding employee behavior on multiple occasions.

18. Defendant took no remedial measures to stop employees from hostile behavior or to correct the hostile environment.

19.  At all times material hereto, the Defendant knew or should have known of its employees' harassment of Stricherz as some harassing employees were in supervisory positions, and because of Stricherz complaints.

20.  Defendant failed to take prompt and appropriate remedial action to stop the illegal conduct.

21.  Defendant's failure to investigate Stricherz's harassment claim against other employees was contrary to its company policies.

22.  As the proximate result of the harassment/discrimination, Stricherz was damaged.

23.  The harassment/discrimination was intentional or in reckless disregard of the rights of Stricherz, entitling Stricherz to an award of punitive damages.


## COUNT II
## RETALIATION

24.  Stricherz realleges paragraphs 1-23 as if fully set out herein.

25.  Stricherz objected directly to the harassing employees and later OEM management about the harassing behavior.

26.  The Defendant did nothing to address those complaints, and instead retaliated against Stricherz.

27.  The harassment of Stricherz intensified as a result of her opposition to the harassment and ultimately resulted in her termination, entitling Stricherz to an award of punitive damages.


## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.  Stricherz realleges paragraphs 1-27 as if fully set out herein.

29.  Defendant had a duty to refrain from humiliating, abusive, and degrading behavior towards Stricherz.  Defendant violated that duty by the actions of the harassing

employees, the inaction of Defendant to address the allegations, and by terminating Stricherz after she complained to Defendant.

30.  Defendant knew or should have known that emotional distress was certain or substantially certain to result from its employees', agents', shareholders', directors', and officers' misconduct toward Stricherz.

31.  The actions of Defendant and its employees, agents, shareholders, directors and officers as alleged herein constituted outrageous conduct which was beyond the bounds of decency and which was intolerable in a civilized society.

32.  As a direct and proximate result of Defendant's outrageous conduct, Stricherz has suffered and continues to suffer emotional distress and other damages.

33.  Because Defendant's conduct was willful and wanton and was taken with malice and intentional or reckless indifference toward Stricherz's right to be free from severe emotional distress, Stricherz is entitled to punitive damages.

## COUNT IV
## WRONGFUL TERMINATION

34.  Stricherz realleges paragraphs 1-33 set out herein.

35.  Stricherz's termination was in contravention of public policy of the State of South Dakota and was therefore wrongful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Purificacion A. Fe Stricherz prays for relief as follows:

1.  For compensatory damages arising from the past, present and future loss of income, including loss of benefits and loss of future earning capacity, humiliation, embarrassment, loss of reputation, for past and future emotional distress, pain and suffering, loss of enjoyment of life and other non-pecuniary losses all in an amount to be determined at trial;

2.  For Stricherz's front pay or loss of future income in an amount to be determined at trial;

3.  For punitive damages in an amount to be determined at trial;

4

4. For attorney fees, costs, and disbursements incurred herein;

5. For interest provided by law; and

6. For such other and further relief as the Court deems just and equitable in the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 26th day of April, 2007

SUTTON LAW OFFICES

By_____

Terry J. Sutton
PO Box 1053
17 Second Ave, SW
Watertown, SD 57201
(605)882-3220
Attorney for Plaintiff

STATE OF SOUTH DAKOTA)
                      )SS          **VERIFICATION**
COUNTY OF CODINGTON  )

The undersigned having been first duly sworn upon her oath states that she is the Plaintiff in the above-entitled matter and the facts therefore are true to the best of her knowledge, information and belief.

Purificacion A. Fe Stricherz

Subscribed and sworn to before me this 26th day of April, 2007.

Notary Public

My Commission Expires:
(SEAL)      5-15-07